**Darran GRANT, Plaintiff–Appellant,**

v.

**S. PALOMARES, Correctional Officer, Defendant–Appellee.**

No. 14–15923.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2015.[*]

Filed May 1, 2015.

Darran Grant, Chowchilla, CA, pro se.

Benjamin Robert Dore, Deputy Attorney General, Office of the California Attor-

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ney General, Sacramento, CA, for Defendant–Appellee.

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

### MEMORANDUM **

Darran Grant, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that a prison guard subjected him to excessive force in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Furnace v. Sullivan,* 705 F.3d 1021, 1026 (9th Cir.2013), and we affirm.

The district court properly granted summary judgment on Grant's excessive force claim because he failed to raise a genuine dispute of material fact as to whether Palomares used force maliciously and sadistically for the purpose of causing harm. *See Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (in Eighth Amendment excessive force claims against prison officials, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *see also Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1028 (9th Cir.2001) (deposition testimony regarding defendant's motive did not create a genuine dispute of material fact where not based on personal knowledge).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Contrary to Grant's contentions, the district court did not make improper credibility determinations in granting summary judgment.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.